UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10364-RGS

WILLIAM BRIGHTMAN,
Petitioner

v.

RAYMOND MARCHILLI,
Respondent

ORDER ON REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

August 8, 2017

STEARNS, D.J.

I agree with Magistrate Judge Boal in her determination that Ground 1 of the petition is clearly barred by *Stone v. Powell*, 428 U.S. 465 (1976).[1] Ground 2 is slightly more complicated, but as the Magistrate Judge points out, it attempts to recast the failed Fourth Amendment claim as an equal protection argument. The alleged denial of equal protection, however, was never raised in the state's highest court (or the Massachusetts Court of

---

[1] While the *Stone* doctrine allows an exception where a petitioner was given no realistic opportunity to litigate his Fourth Amendment claims in the state courts, the exception clearly does not apply here. Brightman's search and seizure claim had the full attention of the state trial court as well as the Massachusetts Appeals Court.

Appeals), and therefore fails the exhaustion requirement. *See Mele v. Fitchburg Court*, 850 F.2d 817, 829 (1st Cir. 1988). While *Rhines v. Weber*, 544 U.S. 269 (2005), counsels in many circumstances the option of granting a petitioner the opportunity to dismiss an unexhausted claim and proceed on what remains, Magistrate Judge Boal is surely correct in her observation that where, as here, the unexhausted claim is devoid of any merit, the option would be futile. Consequently, her Recommendation is <u>ADOPTED</u> and the petition is <u>DISMISSED</u> with prejudice.[2] Any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is <u>DENIED</u>, the court seeing no meritorious or substantial basis supporting an appeal. The Clerk is instructed to close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

[2] Brightman has not filed an Objection to the Report, but has filed a letter with the court expressing his disagreement with the *Stone* doctrine. He also cites a motion to suppress decided by this court which he believes suggests that he might have fared better had he been able to press is Fourth Amendment claim originally in the federal district court. The first argument is beyond the ability of this court to entertain, while the second rests on pure speculation.